## CIRCUIT COURT OF THE CITY OF HOPEWELL

Commonwealth of Virginia,
ex rel. Williams

v.

Herman

September 18, 1987

Case No. 87-10 (J&DR Appeal)

By JUDGE W. PARK LEMMOND, JR.

I have reviewed [the] very well prepared briefs and considered same in light of the evidence presented at the *ore tenus* hearing in Hopewell on August 10, 1987. The evidence consisted of the testimony of the mother and the putative father, and that of Dr. Tutwiler of Roche Biomedical Laboratories, Inc., and the blood testing for paternity evaluation in documentary form.

The testimony of the mother and putative father was totally in conflict as to their cohabiting openly, or otherwise. There was no evidence that the putative father gave consent to use his name as father upon any birth records nor that he allowed his surname to be used by the child. Likewise there was no evidence that he had claimed the child as a dependent on any tax return. Further, the testimony as to having engaged in sexual intercourse with one another during any relevant period was also diametrically opposed.

Thus, in the light of totally conflicting evidence otherwise, the Court is faced with the remaining task of considering the blood test evaluation in order to determine the allegation by the mother as to the paternity of the putative father. The test results are uncontested and a part of the record. There were two test results,

of course, and both fell below the ninety-five percentile. There has been no determination as to a percentage at which these test results become admissible, presumptive, or anything in between in Virginia. Those courts having rendered such guidelines (as well as the AMA-ABA guidelines) support the position that results less than the ninety-five percentile lack necessary cogency, or, in some instances, are inadmissible.

In light of all of the above, but without making any specific ruling as to admissibility at any given percentile, the Court finds that the Commonwealth has failed to prove beyond a reasonable doubt that the defendant is the father of the subject child.